# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

STATE OF IOWA,

    *Petitioner,*

v.

AUDREY ROBERTSON, *in her official capacity as the Assistant Secretary for Critical Minerals and Energy Innovation*; UNITED STATES DEPARTMENT OF ENERGY; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

    *Respondents.*

No. 26-1206
Docket No. EERE–2025–VT–0073

Related Case: No. 26-1092

FILED FEB 04 2026 U.S. Court of Appeals Eighth Circuit

## PETITION FOR REVIEW

Pursuant to 49 U.S.C. § 32909 and Federal Rule of Appellate Procedure 15(a), the State of Iowa hereby petitions this Court for review of the United States Department of Energy's ("DOE's") final rule, *Petroleum-Equivalent Fuel Economy Calculation* published in the Federal Register at 91 Fed. Reg. 553 (Jan. 8, 2026) ("PEF Rule"). A copy of the final rule is attached as Exhibit A.

RECEIVED FEB 04 2026 U.S. COURT OF APPEALS EIGHTH CIRCUIT

Section 32902 of Title 49 of the U.S. Code provides that "a person that may be adversely affected by a regulation prescribed in carrying out any of sections 32901–32904 or 32908 of this title may apply for review of the regulation by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 32909(a). Such a "petition must be filed not later than 59 days after the regulation is prescribed." *Id*. at. § 32909(b).

Jurisdiction and venue are proper under 49 U.S.C. § 32909, because Petitioner State of Iowa is adversely affected by a regulation prescribed under 49 U.S.C. § 32904 and because Petitioner State of Iowa resides in this Circuit. The petition is timely filed because regulation was prescribed no earlier than January 8, 2026, when it was published in the federal register. *See Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 103, 106 (2d Cir. 2018).

2

This petition should be consolidated with already filed already filed petition *American Free Enterprise Chamber of Commerce v. Robertson*, Case No. 26-1092.

Dated: February 4, 2026

                                              Respectfully submitted,

                                              BRENNA BIRD
                                              Attorney General of Iowa

                                              */s/ Eric H. Wessan*
                                              ERIC H. WESSAN
                                              Solicitor General

                                              PATRICK C. VALENCIA
                                              Deputy Solicitor General

                                              1305 E. Walnut Street
                                              Des Moines, Iowa 50319
                                              (515) 823-9117
                                              (515) 281-4209 (fax)
                                              eric.wessan@ag.iowa.gov

                                              *Counsel for Petitioner State of Iowa*

# CERTIFICATE OF SERVICE

I certify that on February 4, 2026, the foregoing Petition for Review was electronically filed with the United States Court of Appeals for the Eighth Circuit using the CM/ECF system.

I will also cause a copy of the date-stamped Petition to be sent via certified mail to:

>U.S. Department of Energy
>Office of the General Counsel
>Forrestal Building, GC–33
>1000 Independence Avenue SW
>Washington, DC 20585
>
>Correspondence Control Unit
>Office of the General Counsel
>U.S. Environmental Protection Agency
>Office of General Counsel, 23111
>1200 Pennsylvania Avenue NW
>Washington, DC 20460

>Respectfully submitted,
>
>/s/ Eric H. Wessan
>*Counsel for Petitioners*

4

Appellate Case: 26-1206     Page: 4     Date Filed: 02/04/2026 Entry ID: 5604597

# Ex. A

Appellate Case: 26-1206     Page: 5     Date Filed: 02/04/2026 Entry ID: 5604597

# Rules and Regulations

**Federal Register**

Vol. 91, No. 5

Thursday, January 8, 2026

This section of the FEDERAL REGISTER contains regulatory documents having general applicability and legal effect, most of which are keyed to and codified in the Code of Federal Regulations, which is published under 50 titles pursuant to 44 U.S.C. 1510.

The Code of Federal Regulations is sold by the Superintendent of Documents.

## NUCLEAR REGULATORY COMMISSION

**10 CFR Parts 2, 19, 20, 21, 25, 26, 30, 31, 32, 34, 35, 36, 37, 39, 40, 50, 51, 52, 54, 55, 60, 61, 62, 63, 70, 71, 72, 73, 74, 75, 76, 81, 95, 110, 140, 150, 160, 170, and 171**

[NRC–2025–0479]

**RIN 3150–AL39**

### The Sunset Rule

**AGENCY:** Nuclear Regulatory Commission.

**ACTION:** Direct final rule; confirmation of effective date; partial withdrawal.

**SUMMARY:** The U.S. Nuclear Regulatory Commission (NRC) is confirming the effective date of January 8, 2026, for the direct final rule that was published in the **Federal Register** on December 3, 2025, except for one provision that is being withdrawn. This direct final rule amended the NRC's regulations to insert a conditional sunset date into certain regulations in response to Executive Order 14270, ''Zero-Based Regulatory Budgeting to Unleash American Energy.'' The NRC is withdrawing an amendment that would have established a conditional sunset date to the NRC's provisions for aircraft impact assessment.

**DATES:**

*Partial Withdrawal:* As of January 8, 2026, amendatory instruction 42 published on December 3, 2025, at 90 FR 55621, is withdrawn.

*Effective Date:* The effective date of January 8, 2026, for the direct final rule published December 3, 2025 (90 FR 55621), except for one amendment as described in this document, is confirmed.

**ADDRESSES:** Please refer to Docket ID NRC–2025–0479 when contacting the NRC about the availability of information for this action. You may obtain publicly available information related to this action by any of the following methods:

• *Federal Rulemaking Website:* Electronically at *https://www.regulations.gov.* Search for Docket ID NRC–2025–0479. Address questions about NRC dockets to Helen Chang; telephone: 301–415–3228; email: *Helen.Chang@nrc.gov.* For technical questions, contact the individual listed in the **FOR FURTHER INFORMATION CONTACT** section of this document.

• *NRC's Agencywide Documents Access and Management System (ADAMS):* You may obtain publicly available documents online in the ADAMS Public Documents collection at *https://www.nrc.gov/reading-rm/adams.html.* To begin the search, select ''Begin ADAMS Public Search.'' For problems with ADAMS, please contact the NRC's Public Document Room (PDR) reference staff at 1–800–397–4209, at 301–415–4737, or by email to *PDR.Resource@nrc.gov.* The **Federal Register** notice for the direct final rule is available in ADAMS under Accession No. ML25212A164.

• *NRC's PDR:* The PDR, where you may examine and order copies of publicly available documents, is open by appointment. To make an appointment to visit the PDR, please send an email to *PDR.Resource@nrc.gov* or call 1–800–397–4209 or 301–415–4737, between 8 a.m. and 4 p.m. eastern time, Monday through Friday, except Federal holidays.

**FOR FURTHER INFORMATION CONTACT:** Howard A. Benowitz, Office of the General Counsel, U.S. Nuclear Regulatory Commission, Washington DC 20555–0001; telephone: 301–287–9112, email: *Howard.Benowitz@nrc.gov.*

**SUPPLEMENTARY INFORMATION:** On December 3, 2025 (90 FR 55621), the NRC published a direct final rule amending its regulations to insert a conditional sunset date into certain regulations in response to Executive Order 14270, ''Zero-Based Regulatory Budgeting to Unleash American Energy.'' In the direct final rule, the NRC stated that if no significant adverse comments were received, the direct final rule would become effective on January 8, 2026. The NRC received and docketed eleven comments on the companion proposed rule (90 FR 55699; December 3, 2025). An electronic copy of the comments can be obtained from the Federal Rulemaking website at *https://www.regulations.gov* under Docket ID NRC–2025–0479.

The NRC evaluated the comments against the criteria described in the direct final rule and determined that some of the comments were significant and adverse. Specifically, certain comments concerning 10 CFR 50.150, ''Aircraft impact assessment,'' were significant and adverse. For this reason, the NRC is removing instruction 42 to amend 10 CFR 50.150 from the direct final rule. The NRC will address comments on that proposed amendment in a final rule to be issued at a later time. Removing the change to 10 CFR 50.150 would not have any impact on the other changes in the direct final rule. No other comments on the rule raised a relevant issue that was not previously addressed or considered by the NRC. Therefore, the direct final rule, minus the amendment to 10 CFR 50.150, will become effective as scheduled.

Dated: January 6, 2026.

For the Nuclear Regulatory Commission.

**Araceli Billoch Colon,**

*Chief, Regulatory Analysis and Rulemaking Support Branch, Division of Rulemaking, Environmental, and Financial Support, Office of Nuclear Material Safety and Safeguards.*

[FR Doc. 2026–00175 Filed 1–7–26; 8:45 am]

**BILLING CODE 7590–01–P**

## DEPARTMENT OF ENERGY

**10 CFR Part 474**

[EERE–2025–VT–0073]

**RIN 1904–AG09**

### Petroleum-Equivalent Fuel Economy Calculation

**AGENCY:** Office of Energy Efficiency and Renewable Energy, Department of Energy.

**ACTION:** Final rule, technical amendment.

**SUMMARY:** The U.S. Department of Energy (DOE) is amending its regulations in compliance with a United States Court of Appeals for the Eighth Circuit court decision vacating the March 29, 2024 rule revising procedures for calculating a value for the petroleum-equivalent fuel economy of electric vehicles (EVs) used by the Environmental Protection Agency (EPA)

Appellate Case: 26-1206    Page: 6    Date Filed: 02/04/2026 Entry ID: 5604597

in calculating light-duty vehicle manufacturers' compliance with the Department of Transportation's (DOT) Corporate Average Fuel Economy (CAFE) standards.

**DATES:** This action is effective on January 8, 2026. However, the opinion had legal effect on September 5, 2025.

**FOR FURTHER INFORMATION CONTACT:** Mr. Kevin Stork, U.S. Department of Energy, U.S. Department of Energy, Vehicle Technologies Office, EE–3V, 1000 Independence Avenue SW, Washington, DC 20585. Telephone: (202) 586–8306. Email: *Kevin.Stork@ee.doe.gov*.

**SUPPLEMENTARY INFORMATION:** The Energy Policy and Conservation Act (EPCA) requires the Secretary of Transportation to set fuel economy standards for automobiles produced in, or imported into, the United States. 49 U.S.C. 32902. EPCA, as amended, requires the Secretary of Energy to determine the equivalent petroleum-based fuel economy values for various classes of electric vehicles for the purpose of determining compliance with these fuel economy standards. 49 U.S.C. 32904(a)(2)(B).

On March 29, 2024, DOE issued a final rule that revised the procedure for calculating a value for the petroleum-equivalent fuel economy for EVs and revised the value for the petroleum-equivalency factor (PEF). 89 FR 22041 (Mar. 29, 2024) (2024 Final Rule). In the 2024 Final Rule, DOE calculated the petroleum-equivalency factor by multiplying four values: (1) a cumulative gasoline-equivalent energy content of electricity; (2) a fuel content factor (FCF); (3) an accessory factor (AF); and (4) a driving pattern factor (DPF). 89 FR 22041, 22053. DOE asserted that this methodology reflected the Secretary's consideration of each statutory factor. The 2024 Final Rule adopted the following PEF values for electric vehicles starting in Model Year 2027:[1]

TABLE 1—REVISED PEF VALUES IN THE 2024 FINAL RULE FOR MY 2027–2030 EVS AND LATER

| Model year | $CE_g$ | FCF | AF | DPF | PEF |
|---|---|---|---|---|---|
| 2027 | 28,996 | 1/0.3625 | 1.0 | 1.0 | 79,989 |
| 2028 | 28,996 | 1/0.575 | 1.0 | 1.0 | 50,427 |
| 2029 | 28,996 | 1/0.7875 | 1.0 | 1.0 | 36,820 |
| 2030 and later | 28,996 | 1.0 | 1.0 | 1.0 | 28,996 |

On April 5, 2024, the states of Iowa, Arkansas, Florida, Idaho, Kansas, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, Texas, Utah, and the American Free Enterprise Chamber of Commerce filed a petition for review in the United States Court of Appeals for the Eighth Circuit. *Iowa, et al.* v. *Wright* (Case No. 24–1721 (8th Cir.)). In a September 5, 2025, opinion, the Eighth Circuit granted the petition for review, vacated the 2024 Final Rule, and remanded the proceedings to DOE. Specifically, the court ruled, among other things, that the fuel content factor was illegal or otherwise contrary to statute. Because the court vacated the 2024 Final Rule, the previous petroleum equivalency factor rule springs back into effect. *Menorah Med. Ctr.* v. *Heckler,* 768 F.2d 292, 297 (8th Cir. 1985) ("Unless special circumstances are present . . . prior regulations remain [in place] until replaced by a valid regulation or invalidated by a court.").

In this final rule, DOE amends its regulations in compliance with the September 5, 2025, court decision. It removes the revisions adopted in the 2024 Final Rule and amends the regulatory text so that it reads as it appeared before the 2024 Final Rule went into effect.

This final rule is not subject to the requirement to provide prior notice and an opportunity for public comment pursuant to 5 U.S.C. 553(b)(B). DOE finds good cause to waive the requirement to provide prior notice and an opportunity for public comment as such procedure is unnecessary. DOE is complying with the order of a Federal court and has no discretion to do otherwise. In implementation of that order, DOE is removing 2024 Final Rule. Comments suggesting any other course would serve no useful purpose.

**Approval of the Office of the Secretary**

The Secretary of Energy has approved publication of this final rule; technical amendment.

**List of Subjects in 10 CFR Part 474**

Corporate average fuel economy, Electric (motor) vehicle, Electric power, Energy conservation, Fuel economy, Motor vehicles, Research.

**Signing Authority**

This document of the Department of Energy was signed on December 31, 2025, by Audrey Robertson, Assistant Secretary for Critical Minerals and Energy Innovation, pursuant to delegated authority from the Secretary of Energy. That document with the original signature and date is maintained by DOE. For administrative purposes only, and in compliance with requirements of the Office of the Federal Register, the undersigned DOE Federal Register Liaison Officer has been authorized to sign and submit the document in electronic format for publication, as an official document of the Department of Energy. This administrative process in no way alters the legal effect of this document upon publication in the **Federal Register**.

Signed in Washington, DC, on January 6, 2026.

**Treena V. Garrett,**
*Federal Register Liaison Officer, U.S. Department of Energy.*

For the reasons stated in the preamble, DOE amends part 474 of Chapter II of Title 10 of the Code of Federal Regulations as set forth below:

## PART 474—ELECTRIC AND HYBRID VEHICLE RESEARCH, DEVELOPMENT, AND DEMONSTRATION PROGRAM; PETROLEUM-EQUIVALENT FUEL ECONOMY CALCULATION

■ 1. The authority citation for part 474 continues to read as follows:

**Authority:** 49 U.S.C. 32901 *et seq.*

■ 2. Amend § 474.2 by revising the definition for "Petroleum-equivalency factor" to read as follows:

### § 474.2  Definitions.

\* \* \* \* \*

*Petroleum equivalency factor* means the value specified in § 474.3(b) of this part, which incorporates the parameters listed in 49 U.S.C. 32904(a)(2)(B) and is used to calculate petroleum-equivalent fuel economy.

\* \* \* \* \*

■ 3. Amend § 474.3 by

---

[1] The 2024 Final Rule did not revise the methodology or the PEF value for MY 2024–2026 EVs, thus the PEF value for those model years remain 82,049 Wh/gal.

Appellate Case: 26-1206     Page: 7     Date Filed: 02/04/2026 Entry ID: 5604597

■ a. Revising the introductory text of paragraph (b); and
■ b. Removing paragraphs (c), (d), (e), and (f)
The revision reads as follows:

### § 474.3  Petroleum-equivalent fuel economy calculation.

\* \* \* \* \*
(b) The petroleum-equivalency factors for electric vehicles are as follows:
\* \* \* \* \*
■ 4. Add § 474.5 to read as follows:

### § 474.5  Review and Update.

The Department will review part 474 five years after the date of publication as a final rule to determine whether any updates and/or revisions are necessary. DOE will publish a notice in the **Federal Register** soliciting stakeholder input in this review. The Department will publish the findings of the review and any resulting adjustments to part 474 in the **Federal Register**.
■ 5. Revise appendix A to part 474 to read as follows:

### Appendix to Part 474—Sample Petroleum-Equivalent Fuel Economy Calculations

*Example 1:* An electric vehicle is tested in accordance with Environmental Protection Agency procedures and is found to have an Urban Dynamometer Driving Schedule energy consumption value of 265 Watt-hours per mile and a Highway Fuel Economy Driving Schedule energy consumption value of 220 Watt-hours per mile. The vehicle is not equipped with any petroleum-powered accessories. The combined electrical energy consumption value is determined by averaging the Urban Dynamometer Driving Schedule energy consumption value and the Highway Fuel Economy Driving Schedule energy consumption value using weighting factors of 55 percent urban, and 45 percent highway:

combined electrical energy consumption value = (0.55 \* urban) + (0.45 \* highway) = (0.55 \* 265) + (0.45 \* 220) = 244.75 Wh/mile

Since the vehicle does not have any petroleum-powered accessories installed, the value of the petroleum equivalency factor is 82,049 Watt-hours per gallon, and the petroleum-equivalent fuel economy is:

$$\frac{82{,}049 \frac{Wh}{gal}}{244.75 \frac{Wh}{mile}} = 335.24 \; mpg$$

*Example 2:* The vehicle from Example 1 is equipped with an optional diesel-fired cabin heater/defroster. For the purposes of this example, it is assumed that the electrical efficiency of the vehicle is unaffected.

Since the vehicle has a petroleum-powered accessory installed, the value of the petroleum equivalency factor is 73,844 Watt-hours per gallon, and the petroleum-equivalent fuel economy is:

$$\frac{73{,}844 \frac{Wh}{gal}}{244.75 \frac{Wh}{mile}} = 301.71 \; mpg$$

[FR Doc. 2026–00154 Filed 1–7–26; 8:45 am]
**BILLING CODE 6450–01–P**

---

## SMALL BUSINESS ADMINISTRATION

### 13 CFR Part 107

**RIN 3245–AI14**

### Small Business Investment Company (SBIC) Regulatory Amendments

**AGENCY:** U. S. Small Business Administration.
**ACTION:** Final rule; correction.

**SUMMARY:** The U.S. Small Business Administration ("SBA" or "Agency") is correcting a final rule that appeared in the **Federal Register** on January 2, 2026. The document revised regulations for the Small Business Investment Company ("SBIC") program to modify or remove from the Code of Federal Regulations ("CFR") regulations that are obsolete, inefficient, or otherwise unnecessarily impede the licensing of small business investment companies ("SBICs") and to remove certain barriers to investments in critical mineral extraction and processing and designated critical technologies.

**DATES:** Effective February 2, 2026.

**FOR FURTHER INFORMATION CONTACT:** Paul Van Eyl, Director of Financial Policy, Office of Investment and Innovation, U.S. Small Business Administration, *oii.policy@sba.gov,* 202–257–5955. This phone number can also be reached by individuals who are deaf or hard of hearing, or who have speech disabilities, through the Federal Communications Commission's TTY-Based Telecommunications Relay Service teletype service at 711.

**SUPPLEMENTARY INFORMATION:** In FR 2025–24232 appearing on page 8 in the **Federal Register** of Monday, January 2, 2026, the following corrections are made:

### § 107.1700  [Corrected]

■ 1. On page 9, in the first column, in part 30, instruction 30, "Amend § 107.1700 by revising the first to read as follows:" is corrected to read "Amend § 107.1700 by revising the first sentence to read as follows:"

### § 107.1820  [Corrected]

■ 2. On page 9, in the second column, amendment 33 is corrected to read as "Amend § 107.1820 by revising paragraphs (a) and (d)(9) to read as follows:"

**Paul Van Eyl,**
*Director of Financial Policy.*
[FR Doc. 2026–00173 Filed 1–7–26; 8:45 am]
**BILLING CODE 8026–09–P**

---

## DEPARTMENT OF TRANSPORTATION

### Federal Aviation Administration

### 14 CFR Part 39

[Docket No. FAA–2025–2265; Project Identifier MCAI–2024–00714–A; Amendment 39–23224; AD 2025–26–02]

**RIN 2120–AA64**

### Airworthiness Directives; DAHER AEROSPACE (Type Certificate Previously Held by SOCATA) Airplanes

**AGENCY:** Federal Aviation Administration (FAA), DOT.
**ACTION:** Final rule.

**SUMMARY:** The FAA is superseding Airworthiness Directive (AD) 2007–06–11 (AD 2007–06–11) for certain SOCATA (type certificate now held by DAHER AEROSPACE) Model TBM 700 airplanes. AD 2007–06–11 required repetitively inspecting the vertical stabilizer attachment fittings and bolts for cracks or corrosion, and, if necessary, repairing or replacing the damaged part and then applying a corrosion protection reinforcement. Since the FAA issued AD 2007–06–11, the European Union Aviation Safety Agency (EASA), which is the Technical Agent for the Member States of the European Union, superseded the previous Direction generale de l'aviation civile (DGAC) France AD to introduce new service information providing instructions for installing new vertical stabilizer attachment fittings having improved corrosion resistant material as an optional terminating action for the repetitive inspections. This AD retains the requirements of AD 2007–06–11 and includes a new optional terminating action for the repetitive inspections. The FAA is issuing this AD to address the unsafe condition on these products.

**DATES:** This AD is effective February 12, 2026.
The Director of the Federal Register approved the incorporation by reference of certain publications listed in this AD as of February 12, 2026.
The Director of the Federal Register approved the incorporation by reference